UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMEELA CHAMBERS and
ESTATE OF LATOYA
SINGLETON,

                Plaintiffs,

v.

CITY OF DETROIT, *et al.*,

                Defendants.

_____/

Case No. 24-12361

Judith E. Levy
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION (ECF No. 60) BUT EXTENDING SUMMONSES 60 DAYS

On September 29, 2025, Plaintiffs filed an emergency motion to compel Defendants to identify another Defendant for service of process, for leave to serve two other Defendants by alternative means, and to extend the time for service. (ECF No. 60). That motion was referred to the undersigned. (ECF No. 61). Because Plaintiffs' motion is legally deficient, it is **DENIED WITHOUT PREJUDICE** but the summonses are extended 60 days.

Plaintiffs' counsel exchanged emails with counsel for Defendants who are represented by the Michigan Attorney General's Office asking for assistance identifying Defendant "DFO Kelley" so that Kelley (or Kelly) could be served with the amended complaint. Defense counsel did not have information about

Kelley.  (ECF No. 60-3, PageID.760-65).  Defense counsel directed Plaintiffs'

counsel to serve discovery requests, bringing the email exchanges to an end.  (*Id.*).

Plaintiffs did not serve discovery requests nor seek leave to conduct early

discovery.  Indeed, missing from Plaintiffs' motion is any reference to Fed. R. Civ.

P. 26(d)(1) which prohibits parties from seeking discovery from any source before

they have a Rule 26(f) conference unless early discovery is authorized by

stipulation or Court order.  This case is not exempted from the prohibition.

Plaintiffs' counsel knows this since her September 17, 2025, email mentions that

she will ask the Court to allow her to send a document request "because the CMO

has not been entered yet."  (ECF No. 60-3, PageID.761).  Perhaps Defendants

agree to this limited early discovery since Defense counsel invited Plaintiffs'

counsel to serve discovery, but Plaintiffs did not send a formal discovery request

for Kelley's identity.  Instead, they filed this motion to compel.  But motions to

compel must include or be accompanied by a copy or verbatim recitation of the

discovery request that is the subject of the motion.  E.D. Mich. Local Rule 37.2.

Plaintiffs never sent a discovery request so they could not comply with this rule.

There is no rule or case that requires Defense counsel to search for

information to satisfy Plaintiffs' obligation to serve the complaint, at least not

without a permitted and proper discovery request.[1]  So the Court will permit

Plaintiffs to use the tools of discovery to obtain Kelley's identity for service of

process.  Until Plaintiffs undertake this process, there is nothing for the Court to

compel, so the motion is **DENIED**.

Plaintiffs also seek relief related to serving Defendants Yolanda King and

Kathy Rudolph.  Plaintiffs attempted to personally serve them before the summons

expired on September 30, 2025.  (ECF No. 60, PageID.733).  Plaintiffs insist that

King and Rudolph are evading service, so they ask for permission to serve them by

alternative means and to extend the summons.

Plaintiffs' motion concerning King and Rudolph is **DENIED WITHOUT**

**PREJUDICE**.  To begin, the only legal authority cited is Rule 4(m), but that rule

does not address alternative service.

Further, Plaintiffs have not shown good cause to allow alternative service.

The Federal Rules for service of process permit personal service or service

complying with the state's rules.  Fed. R. Civ. P. 4(e).  Michigan Court Rule

2.105(A) allows for personal service or mailed service.  Michigan Court Rule

2.105(J)(1) permits the court to allow service by other means reasonably calculated

to give actual notice of the proceedings if the plaintiff shows "that service of

---

[1] Plaintiffs cite authority for the Court's inherent authority to control its docket, ECF No. 60, PageID.733), but this authority does not require that the Court forgo enforcing the Federal Rules of Civil Procedure and this Court's Local Rules.

process cannot reasonably be made as provided by this rule." Plaintiffs have not made sufficient attempts at service to show that service could not reasonably be made by personal service or mailed service. The process server made one true attempt to serve King and Rudolph. The server went to the Detroit Detention Center, where they worked, on September 25, 2025, for an attempt at service. This was a mere five days before the summons expired. The server was directed to return the following morning when King and Rudolph were scheduled to work until 8 a.m. In other words, they were not there on September 25th. The next day the server appeared at the Detention Center at 7:45 a.m. and was told to wait outside. A Defendant who was successfully served and who also worked at the Center refused to let the server into the lobby at 8 a.m. Thus, the server believes that the King and Rudolph are evading service. (ECF No. 63).

There is no indication that the server tried to catch King and Rudolph as they exited the building or that he went back to the Detention Center another day to attempt service. Nor have Plaintiffs attempted mailed service. A single attempt to personally serve defendants is insufficient to show that service cannot reasonably be made.

The summonses expire today. Plaintiffs' counsel made no attempt to explain why service was not attempted until just five days ago and her motion to compel information about Kelley lacked legal support. As the Court explained in

4

its Order extending these summonses on August 1, 2025, good cause must be shown for an extension.  (ECF No. 45).  Though the Court must find the good cause on its own, the Court will extend the summons **by 60 days** to allow time to serve discovery requests for Kelley's information and for more attempts at personal service and/or mailed service on King and Rudolph.

      **IT IS SO ORDERED**.

      The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: September 30, 2025               <u>s/Curtis Ivy, Jr.</u>
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge